UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-CR-00589 JAR |
| | ) |
| BRYANT CARLESS, | ) |
| | ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

The parties hereby agree, as follows:

**1. PARTIES:**

The parties are Defendant Bryant Carless, represented by defense counsel Lucille Liggett, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

A.   **The Plea:** Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for Defendant's voluntary plea of guilty to Counts One and Two of the Indictment, the United States agrees to dismiss Count Three and that no further federal

1

prosecution will be brought in this District relative to Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Indictment.

    **B.**    **The Sentence**: The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. Defendant fully understands that the crime to which a guilty plea is being entered into with respect to Count Two requires a mandatory minimum term of imprisonment of 84 months (7 years), consecutive to any other term of imprisonment. The parties further agree to jointly recommend a sentence of 132 months (11 years) at sentencing. The parties understand that the Court is neither a party to nor bound to this by the Guidelines recommendations agreed to in this document.

**3. ELEMENTS:**

As to Count One, Defendant admits to knowingly violating Title 18, United States Code, Section 2119, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

    (i)     Defendant took a motor vehicle from the presence of another;

    (ii)    Defendant did so by means of force and violence or intimidation;

    (iii)   That the motor vehicle had been transported in interstate commerce; and,

    (iv)   That at or during the time Defendant took the motor vehicle he intended to cause death or serious bodily injury.

2

As to Count Two, Defendant admits to knowingly violating Title 18, United States Code, Section 924(c), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(i) Defendant committed the crime of carjacking; and

(ii) Defendant knowingly possessed and brandished a firearm in furtherance of that crime.

### 4. FACTS:

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On or about October 28, 2021, investigators responded to the scene of the carjacking of J.G.'s red 2014 Hyundai Elantra (a vehicle that had been previously transported in interstate commerce) at 3430 McKean which is within the Eastern District of Missouri. J.G. had been placing her infant in a carseat when Defendant pointed a gun at her, demanding the keys to the vehicle. Defendant then took the 2014 Hyundai Elantra from the presence of J.G. and her infant by force and violence or intimidation, while intending to cause death or serious bodily injury.

Defendant was apprehended shortly after the carjacking, after exiting J.G.'s Elantra and subsequently fleeing on foot. When detectives backtracked over Defendant's path of travel, they located J.G's keys and a wallet with J.G.'s driver's license. A black Taurus 9mm was also

3

seized from the scene. Defendant admits that he knowingly possessed and brandished the firearm (which is capable of expelling a projectile by the action of an explosive) to further the carjacking described above.

## 5. STATUTORY PENALTIES:

As to Count One, Defendant fully understands that the maximum possible penalty provided by law for the crime to which Defendant is pleading guilty is imprisonment of not more than 15 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than 3 years.

As to Count Two, Defendant fully understands that the maximum possible penalty provided by law for the crime to which Defendant is pleading guilty is imprisonment of no less than seven years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than five years. Defendant also fully understands that the crime to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least 84 months. Defendant fully understands that this sentence of 84 months (7 years) is required by law to run consecutive to any other sentence imposed.

## 6. U.S. SENTENCING GUIDELINES: 2021 MANUAL:

Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the

Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**A.     Chapter 2 and 3 Offense Conduct and Adjustments:**

### COUNT ONE: CARJACKING

(i)  **Base Offense Level**: The parties agree that the base offense level for Count One is 20, as found in Section 2B3.1(a).

(ii)  **Special Offense Characteristics:** The parties agree that the following Special Offense Characteristics apply to Count One: 2 levels should be added because the offense involved carjacking.

(iii)  **Chapter 3A1.1 Vulnerable Victim:** The parties further agree that 2 levels should be added due to J.G.'s infant being a vulnerable victim.

### CHAPTER THREE ADJUSTMENTS APPLICABLE TO COUNT ONE

(i)  **Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because Defendant has clearly demonstrated acceptance of responsibility and timely notified the government of Defendant's intention to plead guilty. The parties agree that Defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by Defendant which it believes are inconsistent with Defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that Defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

5

    (ii)    **Estimated Total Offense Level:** The parties estimate that the Total Offense Level for Count One is 21 unless Defendant is a Career Offender. Depending on the underlying offense and Defendant's criminal history, Defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds Defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that Defendant is or is not a Career Offender.

**COUNT TWO:  BRANDISHING A FIREARM IN FURTHERANCE OF CRIMES OF VIOLENCE**

    (i)    **Base Offense Level:** As to Count Two, the parties recommend that the base offense level is found in Sentencing Guidelines Section 2K2.4(b). Defendant fully understands that Count Two requires he serve a mandatory minimum term of imprisonment of 84 months (7 years) to run consecutively to any other sentence imposed.

    (ii)    **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:  None.

    (iii)    **Chapter 3 and 4 Adjustments**: Pursuant to Sentencing Guidelines Section 2K2.4(b), Chapters 3 and 4 of the Sentencing Guidelines do not apply to Count Two. Therefore, as to this count, Defendant is not entitled to the acceptance of responsibility reduction under Sentencing Guidelines Section 3E1.1.

    (iv)    **Estimated Guidelines:** Based on these recommendations, the parties estimate that the Total Offense Level for Count Two is the minimum term of imprisonment required

6

by statute, or 84 months (7 years). The mandatory minimum sentence of 84 months (7 years) must run consecutively to any other term of imprisonment imposed. Depending on the underlying offense and Defendant's criminal history, Defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds Defendant is a Career Offender, the Guidelines Sentence may be higher and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the Defendant is or is not a Career Offender.

## COUNTS ONE AND TWO

  **B.** **Criminal History:** The determination of Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to Defendant's criminal history and the applicable category. Defendant's criminal history is known to Defendant and is substantially available in the Pretrial Services Report.

  **C.** **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement. Both parties recognize they are bound by the specific agreements made herein, but both parties reserve the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's

request.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

    **A.**    **Appeal:** Defendant has been fully apprised by defense counsel of Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

    **(i)**    **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

    **(ii)**    **Sentencing Issues:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the Defendant to 132 months (11 years) or below, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the Defendant to a sentence within or above 132 months.

    **B.**    **Habeas Corpus:** Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

    **C.**    **Right to Records:** Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records

8

pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

    **A.** <u>**Disclosures Required by the United States Probation Office:**</u> Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

    **B.** <u>**Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**</u> Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against Defendant.

    **C.** <u>**Supervised Release:**</u> Pursuant to any supervised release term, the Court will impose standard conditions upon Defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on Defendant to which Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. Defendant understands that parole has been abolished.

**D.** **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which Defendant agrees to pay at the time of sentencing. Money paid by Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**E.** **Possibility of Detention:** Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**F.** **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. Defendant agrees that any fine imposed by the Court will be due and payable immediately. In addition, the Court may impose restitution (in addition to any penalty authorized by law) which will also be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. Defendant agrees to provide full restitution to all victims of all charges in the Indictment.

**G.** **Forfeiture:** Defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of

such items in the United States. Defendant agrees that said items may be disposed of by law enforcement officials in any manner.

### 9. ACKNOWLEDGMENT AND WAIVER OF DEFENDANT'S RIGHTS:

In pleading guilty, Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses charged against Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. Defendant further understands that by this guilty plea, Defendant expressly waives all the rights set forth in this paragraph.

Defendant fully understands that Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained these rights and the consequences of the waiver of these rights. Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant is fully satisfied with the representation received from defense counsel. Defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which Defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised Defendant of the possible immigration consequences, including deportation, resulting from the plea.

### 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between Defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. Defendant further acknowledges that this guilty plea is made of Defendant's own free will and that Defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

8-12-2022
Date

CASSANDRA J. WIEMKEN, #91586KY
Assistant United States Attorney

8/17/22
Date

BRYANT CARLESS
Defendant

8/17/22
Date

LUCILLE LIGGETT     MO 34589
Attorney for Defendant

13